**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------X                                                    Case No. :

Yi Mei Ke,
On behalf of themselves and others similarly situated,

Plaintiff

29 U.S.C.  §216(b)<br>
<b>COLLECTIVE ACTION    &</b><br>
<b>F.R.C.P.23 CLASS ACTION</b>

v.

<u><b>COMPLAINT</b></u>

**J R SUSHI 2** INC. d/b/a    JR SUSHI 2,
Yukwah kwok Cheng, Kai Tuan Wang,
 Xin Wang, Jane Doe, and John Doe,

Defendants.

---------------------------------------------------X

Plaintiff, Yi Mei Ke (hereinafter referred to as "Plaintiff"), on behalf of themselves and others similarly situated, by and through their attorney, THE LAW OFFICES OF JOHN S. YONG, P.C., hereby bring this complaint against Defendants, **J R SUSHI 2** INC. d/b/a   JR SUSHI 2, Yukwah kwok Cheng, Kai Tuan Wang, Xin Wang, Jane Doe, and John Doe (hereinafter referred to as "Defendants").

<u><b>INTRODUCTION</b></u>

1. This action is brought by Plaintiffs, on behalf of themselves as well as other similarly situated employees  against Defendants of the New York Labor Law (NYLL), arising from Defendants' various willful and unlawful employment policies, patterns and/or

practices.

2. Plaintiff allege pursuant to the FLSA, that they are entitled to recover from the

Defendants: (1) unpaid minimum wage compensation, (2) unpaid overtime wage

Compensation,(3) liquidated damages, (4) prejudgment and post-judgment interest; and/or (6)

attorney fees and costs.

3. Plaintiffs further allege pursuant to New York Labor Law § 650 *et seq*. and 12 New
York Codes, Rules and Regulations § § 146 ("NYCRR") that they are entitled to recover
from the Defendants: (1) unpaid minimum wage compensation, (2) unpaid overtime
wage compensation, (3) up to five thousand dollars ($5,000) per Plaintiff for Defendant's failure
to provide a Time of Hire Notice detailing rates of pay and payday, (4) up to five thousand
dollars ($5,000) per Plaintiff for Defendant's failure to provide a paystub that accurately and
truthfully lists employee's hours along with the name,. employer's name, employer's address and
telephone number, employee's rate or rates of pay, any deductions made from employee's wages,
any allowances claimed as part of the minimum wage, and the employee's gross and net wages
for each pay day,  (5) liquidated damages equal to the sum of unpaid minimum wage, unpaid
"spread of hours" premium, unpaid overtime in the amount one hundred percent after April 9,
2011, under NY Wage Theft Prevention Act, (6) 9% simple prejudgment interest provided by
NYLL, (7) post-judgment interest, and (8) attorney fees and  costs.


**JURISDICTION AND VENUE**

4. This Court has original federal question jurisdiction over this controversy under 29

   U.S.C. § 216(b), 28 U.S.C. §1331.
5. This Court has jurisdiction over state law claims asserted here pursuant to the Class
Action Fairness Act, 28 U.S.C. § 1332 (d)(2), and has supplemental jurisdiction over
the New York Labor Law claims pursuant to 28 U.S.C. § 1367(a).

6. Venue is proper in the Southern District of New York pursuant to 28 U.S.C. § §

1391(b) and (c), because Defendants conduct business in this District and the acts and

omissions giving rise to the claims herein alleged took place in this District.

## PLAINTIFF

7. Plaintiff  Yi Mei Ke is employed by Defendant **J R SUSHI 2** INC. d/b/a    JR SUSHI 2, with a primary address of 86 A  West Broadway, New York, NY 10007, as a kitchen helper and a cooker.

## DEFENDANTS

### Corporate Defendants

8. Defendant, **J R SUSHI 2** INC. d/b/a    JR SUSHI 2 is a domestic business corporation organized under the law of the State of New York with a principal address at 86 A  West Broadway, New York, NY 10007.

9. Upon information and belief, **J R SUSHI 2** INC. d/b/a    JR SUSHI 2 is a business engaged in prepares and serves food and drink to customers that has gross sales in excess $ 500,000.

10. Upon information and belief, **J R SUSHI 2** INC. d/b/a    JR SUSHI 2, opens seven days a week from 11:00 am to 11:00 pm, prepares and serves food and drinks to customers.

11. At all relevant times, the work performed by Plaintiff was directly essential to the business operated by **J R SUSHI 2** INC. d/b/a    JR SUSHI 2.

**Owner**/Operator **Defendants**

12. The Individual Defendants are directors, managers, and/or majority shareholders or owners of the Corporate Defendant **J R SUSHI 2** INC. d/b/a  JR SUSHI 2, and as one of the largest shareholders, are individually responsible for unpaid wages under the New York Business Corporation Law.

13. Upon personal knowledge of Plaintiff, Owner/Operator Defendant  Yukwah kwok Cheng, (1) had the power to hire and fire employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employee records at **J R SUSHI 2** INC. d/b/a    JR SUSHI 2 located at 86 A West Broadway, New York, NY 10007.

14. Upon personal knowledge of the Plaintiff, Owner/Operator Yukwah kwok Cheng, acted intentionally and maliciously and is an employer pursuant to 29 U.S.C. § 203(d), and regulations promulgated thereunder, and NYLL § 2(d) and the regulations thereunder, and is jointly and severally liable with **J R SUSHI 2** INC. d/b/a  JR SUSHI 2.

15. Upon personal knowledge of Plaintiff, Owne*r/O*perator Defendant Kai Tuan Wang, (1) had the power to hire and fire employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employee records at **J R SUSHI 2** INC. d/b/a   JR SUSHI 2 located at 86 A West Broadway, New York, NY 10007.

16. Upon personal knowledge of the Plaintiff, Owner/Operator Kai Tuan Wang, acted intentionally and maliciously and is an employer pursuant to 29 U.S.C. § 203(d), and regulations promulgated thereunder, and NYLL § 2(d) and the regulations thereunder, and is jointly and severally liable with **J R SUSHI 2** INC. d/b/a   JR SUSHI 2.

17. Upon personal knowledge of Plaintiff, Owne*r/O*perator Defendant Xin Wang , (1) had the power to hire and fire employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employee records at **J R SUSHI 2** INC. d/b/a   JR SUSHI 2 located at 86 A West Broadway, New York, NY 10007.

18. Upon personal knowledge of the Plaintiff, Owner/Operator Xin Wang, acted intentionally and maliciously and is an employer pursuant to 29 U.S.C. § 203(d), and regulations promulgated thereunder, and NYLL § 2(d) and the regulations thereunder, and is jointly and severally liable with **J R SUSHI 2** INC. d/b/a   JR SUSHI 2.

19. Upon personal knowledge of Plaintiff, Owne*r/O*perator Defendant John Doe , (1) had the power to hire and fire employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employee records at **J R SUSHI 2** INC. d/b/a   JR SUSHI 2 located at 86 A West Broadway, New York, NY 10007.

20. Upon personal knowledge of the Plaintiff, Owner/Operator John Doe, acted intentionally and maliciously and is an employer pursuant to 29 U.S.C. § 203(d), and regulations promulgated thereunder, and NYLL § 2(d) and the regulations thereunder, and is jointly and severally liable with **J R SUSHI 2** INC. d/b/a   JR SUSHI 2.

21. Upon personal knowledge of Plaintiff, Owne*r/O*perator Defendant Jane Doe , (1) had the power to hire and fire employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employee records at **J R SUSHI 2** INC. d/b/a   JR SUSHI 2 located at 86 A West Broadway, New York, NY 10007.

22. Upon personal knowledge of the Plaintiff, Owner/Operator Jane Doe, acted intentionally and maliciously and is an employer pursuant to 29 U.S.C. § 203(d), and regulations promulgated thereunder, and NYLL § 2(d) and the regulations thereunder, and is jointly and severally liable with **J R SUSHI 2** INC. d/b/a   JR SUSHI 2.

## STATEMENT OF FACTS

23. Defendants committed the following alleged acts knowingly, intentionally and willfully against the Plaintiff, the FLSA Collective Plaintiffs, and the Class.

24. Defendants knowingly and willfully failed to pay Plaintiff and similarly situated employees   at least the hourly minimum wage rate for each hour worked while plaintiff was employed by Defendants.

25. Defendants knowingly and willfully failed to pay Plaintiff her lawfully due overtime compensation of one and one-half times (1.5x) her regular rate of pay for all hours worked over forty (40) in a given work week.

26. While employed by Defendants, Plaintiff was not exempt under federal or state laws requiring employers to pay employees overtime.

27. Defendants failed to keep full and accurate records of Plaintiff's hours and wages.

28. Defendants knowingly and willfully failed to provide Plaintiff with Time of Hire Notice in English and Chinese (Plaintiff's primary language) reflecting true rates of pay and payday, as well as paystubs that list employee's name, employer's name, employer's address and telephone number, employee's rate or rates of pay, any deductions made from employee's wages, any allowances claimed as part of the minimum wage, and the employee's gross and net wages for each pay day as required by NYLL § 195(1).

29. Defendants knew that the nonpayment of overtime pay and New York's "spread of hours" premium for ever day in which Plaintiff worked over ten (10) hours would financially injure Plaintiff and violate state and federal laws.

30. Defendants willfully and intentionally committed widespread violations of the FLSA and NYLL.

**Plaintiff Yi Mei Ke**

31. From on or about December 28, 2016, to present, Plaintiff YI MEI KE is employed by Defendant to work as a kitchen helper and cooker  for **J R SUSHI 2** INC. d/b/a  JR SUSHI 2.

32. From December 2016 to present, Plaintiff YI MEI KE worked a schedule of 6.5 days a week.

33. Her hours is from 9:30 AM to 11:00 PM on the full days, and from 4:00 PM to 11:00 PM on the half day.

34. Her hours is a total of 88 hours per 6.5 day work week.

35. From the beginning of her employment on December 28, 2016, to around the beginning of 2018, Plaintiff YI MEI KE was paid $1800 per month. Her job was helping preparing the food in the kitchen and also cook the food.

36. From the beginning of 2018 to present, Plaintiff YI MEI KE was paid $2100 per month with extra $ 200 for frying shrimps.

37. Plaintiff YI MEI KE received her payments in cash.

38. During her employment, Plaintiff YI MEI KE was not given a fixed meal break.

39. During her employment, Plaintiff YI MEI KE took her lunch in 10-15 minutes,

and would have to continue to do kitchen works.

40. During her employment, Plaintiff YI MEI KE was not given a break during work

Hours.

41. During Plaintiff's employment, Defendants knowingly and willfully failed to pay Plaintiff her lawfully owed overtime compensation of one and one-half times (1.5x) her regular rate of pay for all hours worked over forty (40) in a given work week.

42. During her employment, Plaintiff was not exempt under federal and state laws requiring employers to pay employees overtime.

COLLECTIVE ACTION ALLEGATIONS

43. Plaintiff brings this action individually and as class representative, individually and on behalf of all other and former non-exempt employees who have been or were employed by the Defendants for up to last three (3) years, through entry of judgment in this case (the "Collective Action Period") and whom were not compensated at least the hourly minimum wage and/or overtime compensation for all hours worked in excess of forty (40) hours per week (the "Collective Action members").

**CLASS ACTION ALLEGATIONS**

44. Plaintiffs bring their NYLL claims pursuant to Federal Rules of Civil Procedure (FRCP) Rule 23, on behalf of all non-exempt personnel employed by Defendants on or after the date that is six years before the filing of the Complaint in this case as defined herein (the "Class Period").

45. All said persons, including Plaintiffs, are referred to herein as the "Class."

46. The Class members are readily ascertainable. The number and identity of the Class members are determinable from the records of Defendants. The hours assigned and worked, the positions held, and the rate of pay for each Class Member is also

determinable from Defendants' records. For purpose of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided by means permissible under said FRCP 23.

**Numerosity**

47. The proposed Class is so numerous that joiner of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court. Although the precise number of such persons is unknown, and the facts on which the calculation of the number is presently within the sole control of the Defendants, upon information and belief, there are over ten (10) members in this class.

**Commonality**

48. There are questions of law and fact common to the Class which predominate over any questions affecting only individual class members, including:

a. Whether Defendants employed Plaintiffs and the Class within the meaning of the New York law;

b. Whether Plaintiffs and Class members are paid at least the minimum wage for each hour worked under the New York Labor Law;

c. Whether Plaintiffs and Class members are entitled to and paid overtime under the New York Labor Law;

d. Whether Defendants maintained a policy, pattern and/or practice of failing to pay

Plaintiffs and the Rule 23 Class spread of hours pay as required by the NYLL;

e. Whether Defendants maintained a policy, pattern and/or practice of failing to provide requisite statutory meal periods;

f. Whether Defendants provided a Time of Hire Notice detailing rates of pay and payday at the start of Plaintiffs and the Rule 23 Class' start of employment and/or timely thereafter;

g. Whether Defendants provided paystubs detailing full and accurate rates of pay and credits taken towards the minimum wage to Plaintiffs and the Rule 23 class on each pay day; and

i. At what common rate, or rates subject to common method of calculation was and is Defendants required to pay the Class members for their work.

**Typicality**

49. Plaintiff's claims are typical of those claims which could be alleged by any member of the Class, and the relief sought is typical of the relief that would be sought by each member of the Class in separate actions. All the Class members were subject to the same corporate practices of Defendants, as alleged herein, of failing to pay minimum

wage and/or overtime compensation. They were, furthermore, subject to illegal deductions. Defendants' corporate wide policies and practices affected all Class members similarly, and Defendants benefited from the same type of unfair and/or wrongful acts as to each Class member, Plaintiffs and other Class members sustained similar losses, injuries and damages arising from the same unlawful policies, practices, and procedures.

**Adequacy**

50. Plaintiffs are able to fairly and adequately protect the interests of the Class and have no interests antagonistic to the Class. Plaintiffs are represented by attorneys who are experienced and competent representing Plaintiffs in both class action and wage and hour employment litigation cases.

**Superiority**

51. A class action is superior to other available methods for the fair and efficient adjudication of the controversy, particularly in the context of wage and hour litigation where individual Class members lack the financial resources to vigorously prosecute a lawsuit against corporate defendants. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expenses that numerous individual actions engender. Because the losses, injuries and damages suffered by each of the Individual Class members are small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Class members to redress the wrongs done to them. Further, important public interests will be served by addressing the matter as a class action. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Class, establish incompatible standards of conduct for Defendants and resulting in the impairment of class members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action be decided by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action,

52. Upon information and belief, Defendants and other employers throughout the state violate the New York Labor Law. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide class members who are not named in the complaint a degree of anonymity which allows for the vindication of their rights while eliminating or reducing these risks.

## STATEMENT OF CLAIMS

### COUNT I.

### Violations of the Fair Labor Standards Act – Minimum Wage brought on behalf of the plaintiffs and the  FLSA Collective

53. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

54. During Plaintiff's employment, Defendants had a policy and practice of refusing to pay the statutory minimum wage to Plaintiffs, the similarity situated collective action members, for some or all of the hours they worked.

55. The FLSA provides that any employer who violates the provisions of 29 U.S.C.§ 206 shall be liable to the employees affected in the amount of their unpaid minimum compensation, and in an additional equal amount as liquidated damages.

56. Defendants knowingly and willingly disregarded the provisions of the FLSA as evidenced by failing to compensate Plaintiffs and Collective Class Members   at the statutory minimum wage when they knew or should have known such was due and that failing to do so would financially injure Plaintiffs and Collective Action members.

### COUNT II.

### Violation of New York Labor Law - Minimum Wage Brought on behalf of Plaintiffs and Rule 23 Class

57. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

58. During Plaintiff's employment, Plaintiff was employed by Defendants within the meaning of New York Labor Law  §  § 2 and 651.

59. During Plaintiff's employment, Defendants had a policy and practice of refusing to pay the statutory minimum wage to Plaintiffs, and the collective action members, for some or all of the hours worked.

60. An employer who fails to pay minimum wage shall be liable, in addition to the amount of any underpayments, for liquidated damages equal to twenty five percent (25%) of the shortfall under NYLL § § 1990 *et seq.*, § § 650 *et seq.*, and one hundred percent (100%) after April 9, 2011, under NY Wage Theft Prevention Act, and interest.

## COUNT III.

### violations of the Fair Labor Standards Act - Overtime Wage Brought on behalf of the Plaintiffs and the FLSA Collective

61.Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

62. The FLSA provides that no employer engaged in commerce shall employ an employee for a work week longer than forty (40) hours unless such employee receives

compensation for employment in excess of forty (40) hours at a rate not less than one and one half times (1.5x) the regular rate at which he or she is employed, or one and one half times (1.5x) the minimum wage, whichever is greater. 29 U.S.C. § 207(a).

63.The FLSA provides that any employer who violates the provisions of 29 U.S.C. § 207

shall be liable to the employees affected in the amount of their unpaid overtime

compensation, and in an additional equal amount as liquidated damages. 29 U.S.C. § 216(b).

64. Defendants' failure to pay Plaintiff and the FLSA Collective their overtime pay violated the FLSA

65. At all relevant times, Defendants had, and continue to have, a policy of practice of refusing to pay overtime compensation at the statutory rate of time and a half to Plaintiff and Collective Action Members for all hours worked in excess of forty (40) hours per work week, which violated and continues to violate the FLSA, 29 U.S.C. §201, *et seq.,* including 29 U.S.C. §§ 207(a)(1) and 215(a).

66. The FLSA and supporting regulations required employers to notify employees of employment law requirements. 29 C.F.R. § 516.4.

67. Defendants willfully failed to notify Plaintiff and FLSA Collective of the requirements of the employment laws in order to facilitate their exploitation of Plaintiffs' and FLSA Collectives' labor.

68. Defendants knowingly and willfully disregarded the provisions of the FLSA as evidence by their failure to compensate Plaintiff and Collective Class Members the statutory overtime rate of

time and one half for all hours worked in excess of forty (40) hours per week, when they knew or should have known that such was due and that failing to do so would financially injure Plaintiff and Collective Action Members.

## COUNT IV.

### Violation of New York Labor Law - Overtime Pay Brought on behalf of Plaintiffs and Rule 23 Class

69. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

70. An employer who fails to pay minimum wage shall be liable, in addition to the amount of any underpayments, for liquidated damages equal to twenty five percent (25%) before April 9, 2011 and one hundred percent (100%) under NY Wage Theft Prevention Act, and interest.

71. At all relevant times, Defendants had a policy and practice of refusing to pay the overtime compensation to Plaintiff at one and one half times the hourly rate the plaintiff and the Class are entitled to.

72. Defendant's failure to pay Plaintiff her overtime pay violated the NYLL.

73. Defendant's failure to pay Plaintiff were not in good faith.

## COUNT V.

### Violation of New York Labor Law - Spread of Time Pay brought on behalf of Plaintiffs and Rule 23 Class

74. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

75.The NYLL requires employers to pay an extra hour's pay for every day that an employee works an interval in excess of ten hours pursuant to NYLL §§ 190, *et seq.,* and §§650, *et seq.,* and New York State Department of Labor regulations §146-1.6.

76. Defendant's failure to pay Plaintiff's spread-of-hours pay was not in good faith.

## COUNT VI.

### Violation of New York Labor Law - Failure to provide meal periods brought on behalf of Plaintiffs and Rule 23 Class

77. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

78.  The NYLL requires that employees provide: a noon day meal period of at least thirty (30) minutes for employees who work a shift of more than six hours extending over the noon day meal period from 11:00 AM to 2:00 PM; an additional meal period between 5:00 PM to 7:00 PM, of at least twenty (20) minutes for employees whose shift started before 11:00 AM, and continues later than 7:00 PM; and/or a forty-five (45) minute meal period at a time midway between the beginning and end of the shift for employees whose shift lasts more than six hours and starts between 1:00 PM and 6:00 AM, NYLL §162.

79. Defendants failed to provide meal periods required by NYLL § 162 for every day that Plaintiff s and the Rule 23 class work or worked.

80.Though the Department of Labor commissioner may permit a shorter time to be fixed for meal periods than listed above, such permit must be in writing and be kept conspicuously posted in the main entrance of the establishment. No such permit is posted.

81. Defendant's failure to provide the meal periods required by NYLL § 162 was not in good faith.

## COUNT VII.

### Violation of New York Labor Law --Record Keeping Requirements Brought on behalf of Plaintiffs and Rule 23 Class

**82**. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

83. Defendants did not maintain, establish and preserve Plaintiff's weekly payroll records for a period of not less than six years, as required by NYRR §146-2.1

84. As a result of Defendant's unlawful conduct, Plaintiff has sustained damages including loss of earning, in an amount to be established at trial, liquidated damages, prejudgment interest, costs and attorney fees, pursuant to state law.

85. Upon information and belief, Defendants failed to maintain adequate and accurate written records of actual hours worked and true wages earned by Plaintiff in order to facilitate their exploitation of Plaintiff's labor.

86. Defendant's failure to maintain adequate and accurate written records of actual hours worked and true wages earned by Plaintiff was not in good faith.

## COUNT VIII.

**Violation of New York Labor Law – Time of Hire Wage Notice Requirement
Brought on behalf of Plaintiffs and Rule 23 Class**

87. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

88. The NYLL and supporting regulations require employers to provide written notice of the rate or rates of pay and the basis thereof, whether paid by the hour, shift, day, week salary, piece, commission, or other; allowances, if any, claimed as a part of minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer, the physical address of employer's main office or principal place of business, and a mailing address if difference; the telephone number of the employer. NYLL § 195- 1(a).

89. Defendants intentionally failed to provide notice to employees in violation of New York Labor Law § 195, which requires all employers to provide written notice in the employee's primary language about the terms and conditions of employment related to rate of pay, regular pay cycle and rate of overtime on their or her first day of employment.

90.  Defendants not only did not provide notice to each employee at the Time of Hire, but failed to provide notice to Plaintiff after such time as well.

91.Due to Defendant's violations of New York Labor Law, Plaintiffs are entitled to recover from Defendants, jointly and severally, $50 for each workday that the violation occurred or continued to occur, up to $5,000 together with costs and attorney fees pursuant to New York Labor Law NYLL § 198(1-b).

## COUNT IX.

**Violation of New York Labor Law - New York Pay Stub Requirement brought on
behalf of Plaintiffs and Rule 23 Class**

92. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

93. The NYLL and supporting regulations require employers to provide detailed

   paystub information to employees every payday. NYLL § 195-1(d).

94. Defendants have failed to make a good faith effort to comply with the New York Labor Law with respect to compensation of Plaintiff, and did not provide the paystub on or after Plaintiff's payday.

95. Due to Defendants' violations of New York Labor Law, Plaintiff is entitled to recover from Defendants, jointly and severally, $250 for each workday of the violation, up to $5,000 for each Plaintiff together with costs and attorney fees pursuant to New York Labor Law § 198(1-d).

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, on he own behalf, and on the behalf of the FLSA Collective plaintiffs and Rule 23 Class, respectfully requests that this Court enter a judgment providing

the following relief:

A. Authorizing Plaintiffs at the earliest possible time to give notice of this collective

action, or that the Court issue such notice, to all relevant persons that have been

employed by Defendants as non-exempt employees. Such notice shall inform them

that the civil notice has been filed, of the nature of the action, of their right to join this

lawsuit if they believe they were denied premium overtime wages;

B. Certification of this case as a collective action pursuant to FLSA;

C. Issuance of notice of pursuant to 29 U.S.C. § 216(b) to all similarly situated members

of the FLSA opt-in class, apprising them of the pendency of this action, and

permitting them to assert timely FLSA claims and state claims in this action by filing

individual consent to Sue forms pursuant to 29 U.S.C. § 216(b), and appointing

Plaintiffs and their counsel to represent the Collective Action Members;

D.   A declaratory judgment that the practices complained of herein are unlawful under

FLSA and New York Labor Law;

E. An injunction against Corporate Defendants, its officers, agents, successors,

employees, representatives and any and all persons acting in concert with them as

provided by law, from engaging in each of unlawful practices and policies set forth

herein;

F. An award of unpaid minimum wage and overtime wages due under FLSA and New

York Labor Law due Plaintiffs and the Collective Action members plus

compensatory and liquidated damages in the amount of one hundred percent (100%)

under NY Wage Theft Prevention Act;


G. An award of liquidated and/or punitive damages as a result of Defendants' knowing

and willful failure to pay wages at least the hourly minimum wage, overtime

compensation pursuant to 29 U.S.C. § 216;


H. Up to five thousand dollars ($5,000) per Plaintiff for Defendants' failure to provide a

Time of Hire Notice detailing rates of pay and payday;

I. Up to five thousand dollars ($5,000) per Plaintiff for Defendants' failure to provide a

paystub that lists employee's name, employer's name, employer's address and

telephone number, employee's rate of pay, any deductions made from employee's

wages, any allowances claimed as part of the minimum wage, and the employee's gross and net
wages for each pay day;


J. An award of liquidated and/or punitive damages as a result of Defendants' willful failure to
provide overtime compensation, "spread of hours" premium pursuant New York Labor Law;


K. An award of costs and expenses of this action together with reasonable attorney fees and
expert fees pursuant to 29 U.S.C. § 216(b) and NYLL §§198 and 663;

L. The cost and disbursement of this action;

M. An award of prejudgment and post-judgment fees;


N. Providing that if any amounts remain unpaid upon the expiration of ninety days

following the issuance of judgment or ninety days after expiration of the time to

appeal and no appeal is then pending, whichever is later, the total amount of the

judgment shall automatically increase by fifteen percent, as required by NYLL §

198(4); and

O. Such other and further legal and equitable relief as this Court deems necessary, just, and
proper.

Dated:       JULY 31, 2019

The Law Office of John S. Yong, P.C.

Attorney for Plaintiffs, proposed FLSA Collective

And Proposed Class Plaintiffs

John S. Yong

Law office of John S. Yong, P.C.

39 East Broadway, Suite 503

New York, NY 10002

Tel: (212) 233-6668

Fax: (212) 219-9365

Email: Johnsyong@gmail.com

Bar # JY 1101