UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

YI MEI KE, *on behalf of herself and others similarly situated*,

                        Plaintiff,

                -v-

JR SUSHI 2 INC., et al.,

                        Defendants.

19 Civ. 7332 (PAE) (BCM)

OPINION & ORDER

---

PAUL A. ENGELMAYER, District Judge:

      This is a Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL") action alleging violations of those laws' minimum-wage, overtime, spread-of-hours, notice, and wage-statement provisions. On January 15, 2021, the Hon. Barbara C. Moses, United States Magistrate Judge, issued a Memorandum and Order granting plaintiff Yi Mei Ke's motion for conditional collective certification under the FLSA as to non-managerial, non-exempt employees employed by defendants JR Sushi 2 Inc. ("JR Sushi") or Famous Sichuan New York Inc. ("Famous Sichuan"). Dkt. 95 ("Certification Decision" or "Cert. Decision"). That decision held, *inter alia*, that Ke had adequately shown, at this preliminary stage, that JR Sushi and Famous Sichuan comprised a single integrated enterprise and that each entity adopted the same unlawful pay policies. *Id.* at 9–19. Accordingly, it conditionally certified the collective action as to certain employees at both restaurants. *Id.* at 18–19. On January 29, 2021, defendants Famous Sichuan, Ruifeng Yang, and Zi Wang (the "Famous Sichuan Defendants") objected to Judge Moses's certification as to Famous Sichuan employees. Dkt. 100 ("Objections"). On February 8, 2021, Ke responded. Dkt. 107 ("Resp."). For the following reasons, the Court denies the Objections and affirms Judge Moses's decision—which the Court finds persuasive, nuanced, and thorough—in full.

"A motion for conditional FLSA certification is a non-dispositive motion and therefore reviewed pursuant to" Rule 72(a). *Brown v. Barnes & Noble, Inc.*, No. 16 Civ. 7333 (RA), 2019 WL 5188941, at *1 (S.D.N.Y. Oct. 5, 2019) (citation omitted). "With respect to non-dispositive motions, such as those for conditional certification of a collective action pursuant to FLSA, a district court 'must consider timely objections and modify or set aside any part of [the Opinion] that is clearly erroneous or contrary to law.'" *Id.* (quoting Fed. R. Civ. P. 72(a)). That standard is "highly deferential" to the Magistrate Judge's determination. *Schiller v. City of New York*, No. 04 Civ. 7922 (RJS) (JCF), 2009 WL 497580, at *2 (S.D.N.Y. Feb. 27, 2009). A finding is "clearly erroneous" if the Court, in view of the entire record, is "left with the definite and firm conviction that a mistake has been committed." *United States v. Snow*, 462 F.3d 55, 72 (2d Cir. 2006) (citation omitted). A ruling is "contrary to law" when "it fails to apply or misapplies relevant statutes, case law or rules of procedure." *Brown*, 2019 WL 5188941, at *1 (citation omitted)).

The FLSA permits employees to maintain collective actions "for and in behalf of . . . themselves and other employees similarly situated." 29 U.S.C. § 216(b). In this Circuit, courts deciding whether to certify a collective action under § 216 of the FLSA use a two-step process. *See Myers v. Hertz Corp.*, 624 F.3d 537, 554–55 (2d Cir. 2010). First, upon a "modest factual showing that they and potential opt-in plaintiffs together were victims of a common policy or plan that violated the law," the Court may conditionally certify the action to provide for notice and further discovery. *Id.* at 555 (citation omitted); *Lynch v. United Servs. Auto. Ass'n*, 491 F. Supp. 2d 357, 368 (burden "very low" at the notice stage). Second, if it turns out, after discovery, that the opt-in plaintiffs are not similarly situated, the court may later "de-certify" the action. *Myers*, 624 F.3d at 555.

2

The Famous Sichuan Defendants' Objections are narrow.  They do not challenge as clearly erroneous or contrary to law, for example, Judge Moses's holding that JR Sushi and Famous Sichuan operated as a single economic enterprise.  *See* Objections at 4–5.  Instead, they object only to the finding that Famous Sichuan's employment practices were similar enough to JR Sushi's to extend certification of this collective action, even conditionally, as to both locations.  *Id.* at 4–6.  In support, they identify two purported flaws in the Certification Decision: it (1) improperly credited hearsay allegations attributed to Famous Sichuan's employees in Ke's affidavit; and (2) improperly disregarded the Famous Sichuan Defendants' own affidavits as merely raising a "factual issue that is inappropriate for resolution" at this stage.  *Id.* at 7–9 (quoting Cert. Decision at 17).

Neither aspect of the Certification Decision warrants reversal.  First, Ke's affidavit, which recounted several conversations she had with employees at JR Sushi and Famous Sichuan, indeed contains hearsay.  But "courts regularly rely on plaintiffs' affidavits and hearsay statements in determining the propriety of sending notice."  *Salomon v. Adderley Indus., Inc.*, 847 F. Supp. 2d 561, 563 (S.D.N.Y. 2012); *see, e.g.*, *Cuaya v. VI Dev. Grp., LLC*, No. 19 Civ. 4290 (JLC), 2020 WL 5494371, at *6 (S.D.N.Y. Sept. 10, 2020) (granting conditional certification based on "one declaration" that was "replete with undated anecdotal hearsay and ambiguous observations," and collecting cases doing the same on similar records); *Hilaire v. Underwest Westside Operating Corp.*, No. 19 Civ. 3169 (PAE) (RWL), 2020 WL 774133, at *4 (S.D.N.Y. Feb. 17, 2020) (hearsay statements "need not contain a high level of specificity"); *Jeong Woo Kim v. 511 E. 5th St., LLC*, 985 F. Supp. 2d 439, 449 (S.D.N.Y. 2013) ("The fact that these allegations may be based on hearsay does not diminish their value at this stage in the litigation.").

Second, the Famous Sichuan Defendants' charge that the Certification Decision improperly disregarded their own affidavits gains even less traction. Again, courts routinely do so at the conditional-certification stage. *See, e.g.*, *Morris v. Lettire Constr. Corp.*, 896 F. Supp. 2d 265, 271–72 (S.D.N.Y. 2012) ("To rebut plaintiffs' showing, defendants urge the Court to consider a number of competing declarations. Doing so, however, would require the Court to evaluate credibility and determine the facts. Such actions are inappropriate at this stage. The accuracy of the parties' competing views will be tested through discovery and may be raised before the Court on a motion to decertify the class after the close of discovery." (footnote and citations omitted)); *Winfield v. Citibank, N.A.*, 843 F. Supp. 2d 397, 407 n.6 (S.D.N.Y. 2012) ("[C]ourts in this Circuit regularly conclude that [competing] declarations do not undermine the plaintiffs' showing in the first stage of the conditional certification process."), *decertified sub nom. Ruiz v. Citibank, N.A.*, 93 F. Supp. 3d 279 (S.D.N.Y. 2015). And in any event, Judge Moses did review defendants' affidavits but found that, given their failure to address certain aspects of Ke's allegations, they merely raised factual disputes whose resolution at this stage was improper. *See* Cert. Decision at 17. That a single out-of-District decision, reviewing a factually distinct record, gave defense affidavits greater weight has no bearing here. *See* Objections at 6–7 (discussing *Laroque v. Domino's Pizza, LLC*, 557 F. Supp. 2d 346 (E.D.N.Y. 2008)).

Overall, Judge Moses recognized that some allegations in Ke's affidavit were "quite bare," but that others "provide[d] sufficient detail" to conclude that JR Sushi and Famous Sichuan "share common ownership," "treat employees, equipment, and supplies interchangeably," and were subject to common compensation policies that violated the FLSA. Cert. Decision at 17–18. Those details included that managers at the two restaurants routinely assigned employees from one to carry out tasks for the other; that the same person, who was the owner

4

and Alcoholic Beverage Control principal for both restaurants, supervised and controlled employees' schedules, payment rates and methods, and employment records at both restaurants; and that at least two employees were paid flat monthly wages for their work at both restaurants. *Id.* at 16–18. Given the "modest showing" necessary at this preliminary stage, the Certification Decision's assessment supports the outcome here, under any standard of review. *See, e.g.*, *Cuaya*, 2020 WL 5494371, at *6 (collecting cases); *Khamsiri v. George & Frank's Japanese Noodle Rest. Inc.*, No. 12 Civ. 265 (PAE), 2012 WL 1981507, at *1 & n.1 (S.D.N.Y. June 1, 2012) (granting conditional certification as to three restaurant locations based solely on affidavit of plaintiff who worked at one location).

## CONCLUSION

For the foregoing reasons, the Famous Sichuan Defendants' objections to Judge Moses's Certification Decision are denied, and the Certification Decision is affirmed in full.

SO ORDERED.

                                                             *Paul A. Engelmayer*
                                                             PAUL A. ENGELMAYER
                                                             United States District Judge

Dated: February 9, 2021
            New York, New York

5