

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

YI MEI KE,

        Plaintiff,

-against-

J R SUSHI 2 INC, et al.

        Defendants.

19-CV-7332 (PAE) (BCM)

**ORDER**

**BARBARA MOSES, United States Magistrate Judge.**

By order dated December 18, 2020 (Dec. 18 Order) (Dkt. No. 94), I granted plaintiff's unopposed letter-motion (Dkt. No. 93) to reopen discovery in this wage and hour action, brought under the Fair Labor Standards Act (FLSA), for 90 days, until February 25, 2021, to allow plaintiff to take six party depositions. At the same time, I warned that "[n]o further extensions will be granted." *Id*.

By order dated March 1, 2021 (March 1 Order) (Dkt. No. 118), I denied, in substantial part, plaintiff's letter-motion (Feb. 25 Ltr.) (Dkt. No. 115), filed on the *last* day of the extended 90-day deposition period, seeking an additional, 102-day extension of time to complete the same six party depositions. Instead, I granted a 30-day extension and limited plaintiff to two depositions during that period. March 1 Order ¶ 1. I also directed plaintiff to show cause in writing why sanctions should not be imposed for her failure to conduct (or schedule) even one party deposition during the 90-day extension previously granted for that purpose. *Id*. ¶ 2.

In response to the show-cause order, plaintiff states, in substance, that her attorneys, John Troy and Aaron Schweitzer of Troy Law, PLLC (Troy Law), were too busy:

> Firstly, Plaintiff's [counsel's] office is a small boutique law firm with only two managin [sic] attorneys and handling about more than 300 pending cases in the District Courts and State Courts of New York. Secondly, the undersigned [attorney Schweitzer] is the lead trial counsel in all the cases and had been preoccupied with court conferences, depositions, and post trial submissions in Arbitration matters.

Pl. Resp. (Dkt. No. 119) at 1. Through attorney Schweitzer, whose signature appears on the response, plaintiff goes on to explain that during the prior 90-day extension, "[t]he undersigned was absorbed with prior deadlines with no room to schedule depositions in this matter." *Id*. Plaintiff adds that, in light of this Court's grant of her conditional collective certification motion on January 15, 2021 (Dkt. No. 95), she "intended" to complete party depositions "after the close of the opt-in period" in May of this year. *Id*. at 1-2.

Plaintiff's response is inadequate. While occasional emergencies may occur in any practice, a law firm which is so overstretched that it has "no room" to attend to basic discovery obligations – such as scheduling and conducting six party depositions after reopening discovery and obtaining a generous extension for that precise purpose – cannot adequately represent its existing clients, much less the additional "opt in" plaintiffs it hopes to take on pursuant to 29 U.S.C. § 216(b). According to its website, Troy Law employs a total of just three attorneys, but handles "more than 300 cases in federal and state courts across the nation, one of the nation's largest." *See* https://troypllc.com/en/list-of-cases/ (last visited March 15, 2021). Mr. Schweitzer, who describes himself as a managing attorney at the firm and "lead counsel in all of the cases," Pl. Resp. at 1, was admitted to the practice of law less than three years ago. *See* https://iapps.courts.state.ny.us/attorneyservices/search?4 (last visited March 15, 2021). While these facts go a long way towards explaining plaintiff's noncompliance with my December 18 Order, they do not excuse it. If Troy Law has too few lawyers to handle its large caseload, it should hire more lawyers or take on fewer cases.

Moreover, this is not the first time that Troy Law has failed in its obligations to its wage and hour clients. For example, in *Jin v. Shanghai Original, Inc.*, the district court decertified a previously-certified class, shortly before trial, "due to inadequacy of representation" by attorney

Schweitzer and Troy Law. 2019 WL 11816612, at *4 (E.D.N.Y. July 10, 2019), *motion for relief from judgment denied sub nom. Jianmin Jin v. Shanghai Original, Inc.*, 2019 WL 4933607 (E.D.N.Y. Oct. 7, 2019), and *aff'd sub nom. Jin v. Shanghai Original, Inc.*, 2021 WL 864711 (2d Cir. Mar. 9, 2021). Thereafter, the district court denied reconsideration, noting that class counsel "failed to conduct a single deposition of an employee during the allotted discovery time," and that even after decertification, counsel "continued to ignore court orders, and delayed in submitting a proposed decertification notice." 2019 WL 4933607, at *2. Last week, the Second Circuit affirmed, agreeing with the court below that Troy Law's "representation of the class fell woefully short of the skilled and zealous representation expected of class counsel." 2021 WL 864711, at *10. The appellate court noted in particular that plaintiffs' counsel "had the court reopen discovery to conduct twenty-eight depositions related to the Owners' alleged misconduct but conducted only three and failed to inform the court until over a month after they abandoned depositions." *Id*.[1] Given this history, Troy Law should have been especially careful to avoid making the same mistakes – and thereby jeopardizing both the rights of its existing client and its own ability to expand its representation – in this action.

---

[1] *See also*, *e.g.*, *Bao Guo Zhang v. Shun Lee Palace Rest., Inc.*, 2021 WL 634717, at *18 (S.D.N.Y. Feb. 16, 2021) (ordering Troy Law to show cause why it should not be sanctioned for its "assertion and continuation of meritless claims," including its objections to the settlements of plaintiffs it does not represent); *Guangqing Lin v. Teng Fei Rest. Grp. Inc.*, 2020 WL 264407, at *3 (S.D.N.Y. Jan. 17, 2020) (sanctioning Troy Law and attorney Schweitzer for repeated "noncompliance with court-ordered deadlines"), *reconsideration denied,* 2020 WL 429128 (S.D.N.Y. Jan. 27, 2020); *Chun Lan Guan v. Long Island Bus. Inst., Inc.*, 2019 WL 3807455, at *1 (E.D.N.Y. Aug. 13, 2019) (upholding monetary sanctions where Troy Law "failed three times to submit a draft joint pretrial order ('JPTO') to Defendants' counsel that complied with this Court's individual rules, in accordance with the deadlines set by Magistrate Judge Scanlon"); *Jianshe Guo v. A Canaan Sushi Inc.*, 2019 WL 1507900, at *4 (S.D.N.Y. Apr. 5, 2019) (dismissing case for failure to prosecute and assessing a monetary sanction because Troy Law and attorney Schweitzer "repeatedly failed to comply with this Court's deadlines, despite extensive experience with this Court and in this District").

As noted in the March 1 Order (at 2), Troy Law demonstrates a keen appreciation for the importance of honoring court-ordered deadlines when the shoe is on the other foot. In this case, the firm's punctiliousness was on display as recently as February 12, 2021 (less than two weeks before revealing that it had squandered the entire 90-day extension that it obtained for the purpose of taking party depositions), when plaintiff objected vociferously to defendants' request for an additional seven days to produce a list of potential opt-in plaintiffs. In her objection letter (Feb. 12 Ltr.) (Dkt. No. 110), signed by attorney Troy, plaintiff accused defendants of acting "deliberately in gross negligence and in bad faith," asserted that there was "no pretext for their contempt of Your Honor's Orders," and requested that defendants be ordered to show cause why they should not be sanctioned for their failure to produce the list during the time originally allotted for that task. Feb. 12 Ltr. at 2.[2] Against this backdrop, Troy Law cannot reasonably expect this Court to overlook its own, far more brazen, disregard of a deadline set by this Court.

Counsel's claim that plaintiff "intended" to complete party depositions after the close of the opt-in period, Pl. Resp. at 2, neither justifies nor excuses that disregard, particularly since plaintiff did not communicate her intention to the Court last year, when seeking 90 days to complete party discovery, nor during those 90 days. Moreover, as plaintiff notes, *id*. at 1-2, this Court granted her conditional certification motion on January 15, 2021, some six weeks before the 90-day period ended. (Dkt. No. 95.) If that grant caused attorney Schweitzer to reassess his strategy, he could and should have *promptly* requested another modification of the discovery schedule, rather than waiting until February 25 to do so – and claiming disingenuously, at that time, that the further extension was required in part because the parties "need[ed] extra time," in

---

[2] On February 17, 2021, I issued the requested order to show cause (Dkt. No. 111), and on February 24, 2021, I discharged it without imposing sanctions on defendants but reminding them that parties are required to seek extensions "in advance of the deadline to be extended." (Dkt. No. 114.)

light of "the number [of] depositions contemplated," to confer as to dates and work around the schedules of the parties' attorneys. Feb. 25 Ltr. at 1.

While the factors discussed above weigh in favor of a sanction, and while defendants generally agree that some sanction should be imposed, *see* Famous Sichuan Def. Ltr. (Dkt. No. 120) at 1-3; J.R. Sushi Def. Ltr. (Dkt. No. 121) at 1-2, they do not request any specific sanction. Moreover, plaintiff's misconduct has arguably benefitted defendants, since pursuant to the March 1 Order they are now required to produce only two party witnesses for deposition rather than six, as contemplated by the December 18 Order. I note as well that defendants were not required to make a motion to obtain that result. Consequently, no monetary sanction will be assessed. Something more than a written admonishment is required, however, both to deter repetition of the misconduct and to protect Troy Law's potential future clients. *See Jin*, 2021 WL 864711, at *10 (noting "[t]he risk of prejudice to class members due to class counsel's inadequate representation").

Consequently, it is hereby ORDERED that in the event any additional plaintiffs opt in to this action, Troy Law shall furnish each such plaintiff with a copy of this Order, both in English and in Chinese, and shall file a certificate attesting that it has done so (together with a copy of the Chinese translation) along with any consent-to-sue form filed on behalf of such plaintiff. It is further ORDERED that Troy Law shall certify to the Court in writing, no later than **March 19, 2021**, that it has complied with this Court's order dated February 22, 2021 (Dkt. No. 113).

Dated: New York, New York  **SO ORDERED**.
      March 15, 2021

_____
**BARBARA MOSES**
**United States Magistrate Judge**