UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

YI MEI KE,

                                  Plaintiff,

                -v-

JR SUSHI 2 INC., *et al.*,

                                  Defendants.

19 Civ. 7332 (PAE) (BCM)

OPINION & ORDER

---

PAUL A. ENGELMAYER, District Judge:

This is a long-running wage-and-hour action.[1] On August 6, 2019, plaintiff Yi Mei Ke ("Ke") filed the Complaint, alleging violations of minimum-wage, overtime, spread-of-hours, notice, and wage-statement provisions of the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL"). Dkt. 1. Ke sued defendants JR Sushi 2 Inc., Yukwah Kwok Cheng, Kai Tuan Wang, Xin Wang, Jane Doe, and John Doe.[2]

On August 7, 2019, the Court referred this action to United States Magistrate Judge Barbara C. Moses for general pretrial management. *See* Dkt. 5. On March 28, 2022, the Court granted a motion by two individual defendants, Zi Wang and Xin Wang, (1) for summary judgment and (2) sanctions against Ke's counsel, Troy Law, PLLC ("Troy Law") for unreasonably and vexatiously multiplying the proceedings. *See Ke I*, 2022 WL 912231, at *1. The amount of such monetary sanctions, the Court held, was to be fixed by Judge Moses upon further submissions from the parties. *See id.* at *10–11. The Court directed that the case was to

---

[1] As the Court has previously reviewed, this litigation has been protracted, in large part, by the unprofessional conduct of Troy Law. *See Ke v. J R Sushi 2 Inc.*, No. 19 Civ. 7332 (PAE) (BCM), 2022 WL 912231, at *10 (S.D.N.Y. Mar. 28, 2022) ("*Ke I*"); *see also* Dkt. 122.

[2] The Amended Complaint added defendants Famous Sichuan New York Inc., Rui Yang (a/k/a Jane Doe), Zinn Wang (a/k/a Zi Wang and John Doe), and Henry Zhang. Dkt. 31.

remain under Judge Moses's able general pretrial supervision, and admonished plaintiff's counsel to "scrupulously" comply with her orders. *Id.* at *11.

On September 24, 2024, Judge Moses, *sua sponte*, issued a Report and Recommendation to this Court. *See* Dkt. 164 (the "Report"). Citing Ke's apparent disregard for the deadlines set by Judge Moses, the Report recommends dismissing this action for failure to prosecute, under Federal Rule of Civil Procedure 41(b). *See id.* at 2. Although the Report recommends dismissal *without* prejudice, it notes that the statute of limitations has run on Ke's core FLSA claims, *see id.* at 10 n.6, such that this disposition would effectively operate as a dismissal *with* prejudice. On October 8, 2024, Ke filed objections to the Report. Dkt. 165.

On October 31, 2024, a month after Judge Moses's Report issued, the Second Circuit, in *Romano v. Laskowski*, clarified the standard for dismissal under Rule 41(b) where dismissal without prejudice "would operate in effect as a dismissal with prejudice." 22-1896-cv, 2024 WL 4635227, at *5 (2d Cir. Oct. 31, 2024). To dismiss a case in this circumstance, the Circuit held, a district court must find "willfulness, bad faith, or reasonably serious fault" on the plaintiff's part. *Id.*

Because the Report preceded the decision in *Romano*, Judge Moses did not have occasion to apply the standard set out there for Rule 41(b) dismissals that functionally are with prejudice. It is not clear to the Court whether the facts here would support a finding of willfulness, bad faith, or reasonably serious fault by plaintiff Ke. Given Judge Moses's familiarity with the case and the parties' pretrial conduct, the Court finds that the proper course is to refer this matter to Judge Moses for a supplemental Report and Recommendation in light of *Romano*. Specifically, the supplemental Report is to address, *inter alia*, (1) whether, in connection with plaintiff's delays, disregard of deadlines, and other misconduct, there exists "willfulness, bad faith, or

2

reasonably serious fault" on the part of Ke, as opposed to Troy Law, such that dismissal would be warranted under *Romano*; and (2) whether sanctions should be imposed directly on Troy Law (in addition to those imposed in *Ke I*).

## I. Background

The Court incorporates by reference the accounts of the facts in the Report and this Court's decision in *Ke I*. The following summary focuses on the facts necessary for the limited issue presented.

### A. Procedural History

On August 6, 2019, Ke filed the Complaint. Dkt. 1. On August 7, 2019, the Court referred this action to Judge Moses for general pretrial management. On February 12, 2020, Ke filed the Amended Complaint. Dkt. 31. On March 13, 2020, defendants answered. Dkt. 49.

On May 13, 2020, Judge Moses entered a scheduling order, which directed that the parties' proposed joint pretrial order be filed "no later than 30 days after the close of discovery, unless there are summary judgment motion(s), in which case the joint pretrial order shall be filed no later than 30 days after the decision on the motion(s)." Dkt. 64 ¶ 13. After the close of discovery, on May 27, 2021, defendants Zi Wang and Xin Wang moved for summary judgment and for sanctions against Troy Law. Dkt. 134.

On March 28, 2022, the Court granted Zi Wang and Xin Wang's motion and held that they were entitled to monetary sanctions, as against Troy Law, in an amount to be determined by Judge Moses. *See Ke I* at *10–11. The Court directed Zi and Xin Wang, within two weeks, to file, for Judge Moses's review, declarations as to their recoverable fees and expenses, contemporaneous time records, and a memorandum of law supporting the reasonableness of attorney's fees sought. *Id.* at *11. On April 11, 2022, Zi and Xin Wang made such submissions,

3

Dkts. 150–53. On April 25, 2022, Troy Law opposed. Dkt. 154. On April 29, 2022, Zi Wang replied, Dkt. 155, and Xin Wang did so two days later, Dkt. 156.

During the ensuing two years, there was no docket activity, and a joint pretrial order was not filed.

On April 30, 2024, Judge Moses awarded Zi and Xin Wang sanctions of $26,152.50. Dkt. 157. On May 2, 2024, Judge Moses, citing Ke's failure to timely file a proposed pretrial order (*i.e.*, within 30 days of this Court's summary judgment decision), directed Ke to show cause why the action should not be dismissed for failure to prosecute pursuant to Rule 41(b). Dkt. 158.

On May 16, 2024, Ke responded. Dkt. 159. Ke argued, principally, that she had not abandoned her case but rather had been waiting for Judge Moses to "adjudicate" Zi and Xin Wang's motion for summary judgment. *Id.* at 1. Notwithstanding this Court's March 28, 2022 decision granting such motion, Ke argued that the "second branch" of the motion, seeking sanctions, had not been resolved until April 30, 2024, when Judge Moses awarded monetary sanctions. *Id.* at 2. Thus, Ke argued, she had not violated Judge Moses's scheduling order because her duty to file a proposed pretrial order was triggered on April 30, 2024. *See id.* at 3.

On May 23, 2024, the remaining defendants replied. Dkts. 160–63. They took the position that the summary judgment motion had been fully adjudicated on March 28, 2022, and that Ke's inaction for two years required dismissal for failure to prosecute. *See id.*

**B.     The Report**

On September 24, 2024, Judge Moses issued the Report, which recommended dismissal of this action for failure to prosecute. Dkt. 164. The Report found that dismissal was warranted

4

under the framework set out in *Baptiste v. Sommers*, 768 F.3d 212, 216 (2d Cir. 2014).[3] *Baptiste* instructs courts to weigh these five factors in determining whether dismissal is appropriate:

> (1) the duration of the plaintiff's failure to comply with the court order, (2) whether plaintiff was on notice that failure to comply would result in dismissal, (3) whether the defendants are likely to be prejudiced by further delay in the proceedings, (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard, and (5) whether the judge has adequately considered a sanction less drastic than dismissal.

*Id.*

The Report found that factors one, three, and five of *Baptiste* favored dismissal, while the remaining two were neutral. *See* Report at 5–10. As to the first factor, the Report found, Ke had been out of compliance with the scheduling order for more than two years and had done "nothing" to advance her claims in that period. *Id.* at 5–6. Its premise was that the summary judgment motion had been fully adjudicated by this Court on March 28, 2022, such that Ke was required to, but did not, file a pretrial order 30 days later. *See id.* Although the sanctions award in favor of Zi and Xin Wang remained pending before Judge Moses until April 30, 2024, the Report stated, such was "analytically distinct" and therefore did not toll Ke's obligation to file a proposed pretrial order by April 27, 2022. *Id.* As to factor three, the Report found that "prejudice can be presumed after two years of inaction." *Id.* at 9 & n.4. With respect to the fifth factor, the Report found, sanctions less drastic than dismissal in the entirety would be ineffective. *See id.* at 9–10. Recounting its prior non-monetary sanctions against Troy Law, the Report noted

---

[3] "The power of a district court to take such action—while explicitly sanctioned by Rule 41(b)— 'has generally been considered an inherent power, governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases.'" *Lewis v. Rawson*, 564 F.3d 569, 575 (2d Cir. 2009) (quoting *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630–31 (1962)).

5

that such had "failed to produce more diligent conduct or better adherence to court orders" by Ke or her counsel. *Id.* at 9.

Factors two and four—whether Ke had notice that failure to prosecute may result in dismissal and her interest in being heard, respectively—were neutral. As to the second factor, the Report acknowledged that Judge Moses (and defendants) had not "formal[ly]" warned Ke, between March 28, 2022 and May 2, 2024, that a failure to file the pretrial order could result in dismissal. But it found that this did not weigh against dismissal because "Ke's counsel, Troy Law, handles a high volume of wage and hour cases in this District" and "has frequently been sanctioned, threatened with sanctions, denied appointment as class counsel, and/or penalized at the fee application stage for missing deadlines and failing to pursue its clients' claims in a timely manner." *Id.* at 7–8. As to factor four, the Report recognized Ke's "interest in receiving a fair chance to be heard." *Id.* at 9. But it was dubious, the Report stated, whether Ke "still wishe[d] to try the case," given that Ke's counsel apparently could not address "plaintiff's whereabouts, availability, or desire to go to trial." *Id.*

On balance, the Report found, the *Baptiste* factors supported dismissal of the case. *See id.* at 10. Although the Report recommended dismissal *without* prejudice, it noted that the statute of limitations had run on Ke's core FLSA claims. *See id.* at 10 n.6.

On October 8, 2024, Ke filed her objections to the Report, to which she annexed exhibits that purportedly establish her intention to proceed to trial as of May 19, 2024. *See* Dkt. 165, Ex. 1 (email from Troy Law to defendants claiming to have enclosed a draft pretrial order). On October 22, 2024, defendants responded. Dkt. 166.

6

## II.   Discussion

In reviewing a Report and Recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). When specific objections are timely made, as here, "[t]he district judge must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3); *see also United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997).

Here, Ke objects to the Report on two main grounds. First, she argues that the Report's findings do not support dismissal for failure to prosecute because, Ke claims, she had a good-faith belief that she was not required to file a pretrial order while the sanctions award remained pending before Judge Moses. And, Ke argues, Judge Moses did not notify her that she was required to do so before that point. Second, Ke argues, Judge Moses did not adequately consider the efficacy of sanctions less severe than dismissal *against Ke*, as opposed to her counsel, the latter of whom Judge Moses found to be substantially unresponsive to monetary sanctions.

After Judge Moses issued the Report, the Second Circuit in *Romano* clarified the standard for dismissal under Rule 41(b). The Circuit there reversed a decision dismissing the case, without prejudice, for failure to prosecute. At the outset, the Circuit reiterated that a Rule 41(b) dismissal is "generally a 'harsh remedy' that should 'be utilized only in extreme situations.'" *Romano*, 2024 WL 4635227, at *3 (quoting *Lewis*, 564 F.3d at 576); *accord, e.g., United States ex rel. Drake v. Norden Sys., Inc.*, 375 F.3d 248, 254 (2d Cir. 2004); *Minnette v. Time Warner*, 997 F.2d 1023, 1027 (2d Cir. 1993). And, the Circuit explained, its precedents were "clear" that before dismissing a case *with* prejudice, the district court must find "willfulness, bad faith, or reasonably serious fault" on the plaintiff's part. *Id.* at *4. *Romano* held that this requirement

7

equally applies to dismissals *without* prejudice if such would "operate in effect as a dismissal with prejudice," including, for example, where "the statute of limitations has run on most, if not all, of the plaintiff's various causes of action." *Id.* Because this was true of Romano's claims, the Circuit noted, the district court had been required to make a finding of "willfulness, bad faith, or reasonably serious fault," but it had not done so. *Id.* at *4–5. The Circuit held dismissal under these circumstances reversible error.[4]

The standard set in *Romano* governs here. As the Report found, the statute of limitations had run on Ke's FLSA claims, Report at 10 n.6, such that a dismissal without prejudice of these claims would effectively operate as one with prejudice. That is the very scenario that *Romano* addressed. *See Romano*, 2024 WL 4635227, at *4; *see also id.* (asking whether dismissal without prejudice "would likely prove fatal to" plaintiff's claims).[5] But, because the Report was issued before *Romano*, it did not have occasion to consider whether there had been "willfulness, bad faith, or reasonably serious fault" by plaintiff Ke, as required for dismissals effectively with prejudice.

To be sure, the Report's findings as to the *Baptiste* factors implicitly support a finding of "reasonably serious fault" by Ke's counsel, Troy Law, including based on the firm's pattern of missteps in representing other clients. *See, e.g.*, Report at 7 ("Troy Law[] handles a high volume of wage and hour cases in this District (and elsewhere) and has frequently been sanctioned, threatened with sanctions, denied appointment as class counsel, and/or penalized at the fee

---

[4] The Circuit separately found that the district court had erred by not "adequately consider[ing]" whether sanctions short of dismissal would be effective. *Romano*, 2024 WL 4635227, at *5.

[5] That Ke could potentially refile a subset of her claims—those arising from her final year of employment—under the NYLL, which has a six-year limitations period, as in *Romano*, does not "negate" the severity of this remedy, *id.* at *4.

8

application stage for missing deadlines and failing to pursue its clients' claims in a timely manner."). But those missteps by the firm in other cases cannot be imputed to Ke, its client in this case. *Compare id.*, *with Myparkingtickets.com LLC v. City of New York*, No. 24 Civ. 397, 2024 WL 1181839, at *1–2 (S.D.N.Y. Mar. 14, 2024) (dismissal without prejudice based on *plaintiff's* "extensive litigation history" (emphasis added)), *Mitchell v. Lyons Pro. Servs., Inc.*, 708 F.3d 463, 468 (2d Cir. 2013) ("[T]he sanction of dismissal with prejudice . . . must be supported by clear evidence of misconduct and a high degree of specificity in the factual findings."), *and Baptiste*, 768 F. 3d at 217 ("[B]ecause the sanction of dismissal with prejudice 'has harsh consequences for clients, who may be blameless,' we have instructed that 'it should be used only in extreme situations.'" (quoting *Mitchell*, 708 F.3d at 467)). And the Report, lacking occasion to consider the question, does not set out a sufficient basis to find "reasonably serious fault" by Ke in this case so as to justify the extreme sanction of terminating her claims. *See Dodson v. Runyon*, 86 F.3d 37, 40 (2d Cir. 1996) (in deciding whether sanctions "should be aimed primarily against the party or the attorney," it is "important for the district court to assess the relative roles of attorney and client in causing the delay, as well as whether a tactical benefit was sought by the delay"); *Ocello v. White Marine, Inc.*, 347 F. App'x 639, 642 (2d Cir. 2009) (district court abused its discretion by dismissing party's cross-claims to sanction "counsel's abusive litigation practices," because the "sound practice" would have been to "impos[e] sanctions directly on [the] dilatory lawyers").

The Court therefore—while fully sharing the Report's dismay at the misconduct of the Troy Law—cannot adopt the Report's recommendation, given the Circuit's intervening decision in *Romano*. To assure that that standard is faithfully applied, the Court refers this matter to Judge Moses for a supplemental Report and Recommendation. It is to address, *inter alia*, (1)

whether, in connection with plaintiff's delays, disregard of deadlines, and other misconduct, there exists "willfulness, bad faith, or reasonably serious fault" on the part of Ke, as opposed to Troy Law, such that dismissal would be warranted under *Romano*; and (2) whether sanctions should be imposed directly on Troy Law (in addition to those imposed in *Ke I*).[6]

## CONCLUSION

For the reasons above, the Court refers this case to Judge Moses for a supplemental Report and Recommendation consistent with the discussion herein.

SO ORDERED.

Paul A. Engelmayer
United States District Judge

Dated: March 24, 2025
New York, New York

---

[6] Based on the facts contained in the Report, it appears unlikely that Ke's conduct, as opposed to that of Troy Law, would meet this standard. *See, e.g., Dodson*, 86 F.3d at 40 (Circuit has "long-suggested imposing sanctions directly on dilatory lawyers," particularly "where the fault clearly lay in the lawyer's failure to attend to his client's business"); *see also, e.g., U.S. ex rel. Drake v. Norden Sys., Inc.*, 375 F.3d 248, 255 (2d Cir. 2004) ("The question [the court] must answer . . . is whether [the plaintiff] received notice that further delays would result in dismissal."); *Mickle v. Morin*, 297 F.3d 114, 126 (2d Cir. 2002) ("Before imposing sanctions, the court must afford the person it proposes to sanction due process, *i.e.*, 'notice and opportunity to be heard.'"). But it may be that other information known to Judge Moses, or acquired in the course of this remand, bears on that issue.