```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: __3/26/25__
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

YI MEI KE,

        Plaintiff,

-against-

J R SUSHI 2 INC., et al.,

        Defendants.

19-CV-7332 (PAE) (BCM)

**ORDER SCHEDULING CONFERENCE AND SUPPLEMENTAL BRIEFING**

**BARBARA MOSES, United States Magistrate Judge.**

In light of Judge Engelmayer's March 24, 2025 Opinion & Order (Op. & Order) (Dkt. 167), Judge Moses will hold a conference on **April 17, 2025 at 11:00 a.m.**, in Courtroom 20A of the Daniel Patrick Moynihan Courthouse, to address the following issues:

1. Whether there was "willfulness, bad faith, or reasonably serious fault" on the part of Ms. Ke, as opposed to Troy Law, PLLC (Troy Law), such that dismissal would be warranted under *Romano v. Laskowski*, 2024 WL 4635227, at *5 (2d Cir. Oct. 31, 2024), *see* Op. & Order at 2-3, 10; and

2. Whether sanctions should be imposed directly on Troy Law (in addition to those previously imposed). *See* Op. & Order at 3, 10.

In advance of the conference, plaintiff and defendants may each submit a brief, no longer than 8 pages (double-spaced), addressing these two issues. Plaintiff's brief is due **April 3, 2025** and must be supported by an attorney declaration listing each contact between Troy Law and plaintiff Yi Mei Ke between March 28, 2022 (the date of Judge Engelmayer's summary judgment decision) and May 20, 2024 (the date on which, plaintiff contends, the proposed Joint Pretrial Order was due, *see* Dkt. 159 at 4). As to each such contact, Troy Law shall disclose the date and time, the identity of the participating Troy Law personnel, the method of contact (*e.g.*, email,

telephone call), and, with respect to "real time" communications (such as in person, by phone, or by video conference), the duration of the contact.

Defendants' brief is due no later than **April 10, 2025**.

Nothing in this Order precludes the parties from submitting additional declarations along with their briefs. However, if the declaration is in English, and if the declarant is not fluent in English, the party relying on the declaration must also provide a certified translation, in the declarant's native language, together with admissible evidence establishing that the translation was provided to the declarant before he or she signed the English-language version. *See Sicom S.P.A. v. TRS Inc.*, 168 F. Supp. 3d 698, 709-10 (S.D.N.Y. 2016).[1]

Dated: New York, New York  
       March 26, 2025

SO ORDERED.

_____  
**BARBARA MOSES**  
**United States Magistrate Judge**

---

[1] Alternatively, the declarant may sign the declaration in his or her native language, in which case the party relying on that declaration must submit a certified translation into English. *See Sicom*, 168 F. Supp. 3d at 709.